# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, SARA ALAMI, GIANELLA CONTRERAS CHAVEZ, DSCC, and DEMOCRATIC PARTY OF GEORGIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and the Chair of the Georgia State Election Board; REBECCA N. SULLIVAN, DAVID J. WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacities as Members of the Georgia State Election Board; MARY CAROLE COONEY, MARK WINGATE, VERNETTA NURIDDIN, KATHLEEN RUTH, and AARON JOHNSON, in their official capacities as Members of the FULTON County Board of Registration and Elections; SAMUEL E. TILLMAN, ANTHONY LEWIS, SUSAN MOTTER, DELE LOWMAN SMITH, and BAOKY N. VU, in their official capacities as Members of the DEKALB County Board of Registration and Elections; PHIL DANIELL, FRED AIKEN, JESSICA M. BROOKS, NEERA BAHL, and DARRYL O. WILSON, JR., in their official capacities as Members of the COBB County Board of Elections and Registration; JOHN MANGANO, BEN SATTERFIELD, WANDY TAYLOR, STEPHEN DAY, and | Civil Action No. 1:20-cv-03263-MLB |

ALICE O'LENICK, in their official capacities as Members of the GWINNETT County Board of Registrations and Elections; THOMAS MAHONEY III, MARIANNE HEIMES, MALINDA HODGE, ANTWAN LANG, and DEBBIE RAUERS, in their official capacities as Members of the CHATHAM County Board of Elections; CAROL WESLEY, DOROTHY FOSTER HALL, PATRICIA PULLAR, DARLENE JOHNSON, and DIANE GIVENS, in their official capacities as Members of the CLAYTON County Board of Elections and Registrations; DONNA CRUMBLEY, DONNA MORRIS-MCBRIDE, ANDY CALLAWAY, ARCH BROWN, and MILDRED SCHMELZ, in their official capacities as Members of the HENRY County Board of Elections and Registration; MYESHA GOOD, DAVID C. FEDACK, ROBERT PROCTOR, DANIEL ZIMMERMANN, and MAURICE HURRY, in their official capacities as Members of the DOUGLAS County Board of Elections and Registration; and RINDA WILSON, HENRY FICKLIN, HERBERT SPANGLER, CASSANDRA POWELL, and MIKE KAPLAN, in their official capacities as members of the MACON-BIBB County Board of Elections,

       Defendants.

## **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

149420884.1

This Court has considered Plaintiffs' motion for preliminary injunction, supporting authorities, the response from the Defendants, and the evidence and pleadings of record, and finds that: (1) Plaintiffs are likely to succeed on the merits of their First and Fourteenth Amendment claims; (2) Plaintiffs will suffer irreparable injury unless this Court issues an injunction granting relief; (3) the threatened injury to Plaintiffs outweighs possible harm that the injunction may cause the opposing party; and (4) the injunction is in the public interest. *GeorgiaCarry.org v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015). The Court thus finds that Plaintiffs have clearly established their burden of persuasion as to each of these four prerequisites, and accordingly, Plaintiffs' motion is **GRANTED**.

**IT IS ORDERED**:

a. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall utilize established wait-time minimization calculations at each polling location within Defendant Counties to allocate voting machines, poll pads, scanners, and technicians in a way reasonably calculated to minimize wait times, using (1) the M/M/c queue formula provided in the Expert Declaration of Dr. Muer Yang, or (2)

proposing an equivalent approach that is reasonably calculated to minimize wait times for this Court's review and approval.

b. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall supply each polling location within Defendant Counties with sufficient emergency paper ballots in the case of voting machine malfunction, sufficient paper poll pads in case of electronic poll book malfunction, and sufficient drop boxes for paper ballots in the event of scanner malfunction (the "emergency backup supplies"). Such Defendants will also enact a policy that requires poll workers to utilize the emergency backup supplies whenever the last voter in line is expected to or does in fact wait 30 minutes or more to cast a ballot.

c. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall enact a policy requiring poll workers to consistently monitor and record wait times every 30 minutes at polling places to (1) determine whether wait times to cast ballots exceed 30 minutes and, accordingly, require use of a backup system detailed above, and (2) to maintain records regarding wait times.

d. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall ensure that there are sufficient poll workers at each polling location within each of the Defendant Counties to operate all poll books and assist voters where necessary.

e. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall ensure that poll workers at polling locations within each of the Defendant Counties are adequately trained to operate all components of the voting system, including the electronic poll-book, ballot-marking device, printer, and scanner.

f. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall ensure that there are sufficient technicians available for deployment to each polling place within each of the Defendant Counties on less than 30 minutes notice.

g. Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall enact policies requiring that the

3

functionality of polling equipment at each polling location be adequately tested at such polling location within a reasonable time before the location opens to ensure that all machines are operational when the polling location opens.

h. Within one month after the November 3, 2020 election, Defendants, their officers, employees, and agents, and all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall report back to this Court and all parties the wait times recorded pursuant to Paragraph C for each polling location, as well as average wait times, the number of voters at each polling location, and complaints received.

**SO ORDERED**, this \_\_\_\_ day of September, 2020.

_____
The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia