IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 1:20-CV-03263-MLB |
| BRAD RAFFENSPERGER, et al., ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Defendants Secretary of State Brad Raffensperger and the State Election Board Members (collectively, "State Defendants") submit this brief Response to Plaintiffs' Supplemental Memorandum in Support of their Motion for Preliminary Injunction ("Plaintiffs' Supplemental Motion"). (Doc. No. 148).

Plaintiffs' Supplemental Memorandum is not directed at the State Defendants. The entire thrust of the pleading is directed at only some County Defendants regarding only certain polling locations. It certainly does not provide a basis for this Court to conclude there is a statewide issue,

caused by the State Defendants, or that can be remedied by an order against the State Defendants.  In addition:

    1.    This lawsuit remains about county, not state, action.  Plaintiffs write that "many of the Counties are still failing to properly allocate equipment in the upcoming General Election … Because the counties are continuing their pattern …" (Doc. 148 at 6.)  Plaintiffs acknowledge, however, that the claim has shrunk to being about "30 polling locations that are of the most concern." (*Id.* at 10.)  This is not indicative of a widespread problem, or anything linked to State Defendants' acts.  Plaintiffs' claims against the State Defendants should be dismissed.

    2.    For the first time, Plaintiffs cite to Code Section 21-2-367(b), but they do not challenge it as unconstitutional.  (Doc. 148 at 9.)  Instead, they effectively ask this Court to enforce State law against the County Defendants.  (*Id.*)  The Eleventh Amendment would speak to this claim, and Plaintiffs wisely have not sought to use a federal action to compel the Secretary or the State Election Board to enforce Plaintiffs' interpretation of State law.  Nor could they under the principles established in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984) (deciding state actors cannot be liable in federal court for alleged violations of state law); *Jacobson v. Florida Sec'y of State*, 19-14552, 2020 WL 5289377, at *14

(11th Cir. Sept. 3, 2020) (rejecting notion that federal court can compel state regulators to promulgate a regulation); *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1300-01 (11th Cir. 2019) (en banc) (deciding that Alabama Attorney General's general enforcement power did not establish redressability).

3. The Plaintiffs' latest iteration of the *Anderson-Burdick* framework adds nothing new despite the Eleventh Circuit's recent decision in *New Georgia Project v. Raffensperger*, No. 20-13360-D, 2020 WL 5877588 (C.A.11 (Ga.)). There, the Eleventh Circuit did not consider only one method of voting when determining whether State policy creates an unconstitutional burden for Anderson-Burdick analysis. To the contrary, the court considered numerous "options" available to Georgia voters and weighed each of them. 2020 WL 5877588 at *2. Plaintiffs ignore this completely, which weighs strongly against their argument of a cognizable and measurable burden under *Anderson-Burdick*.

4. Whatever the merits of Dr. Yang's formula may be, it does not mean that the Constitution mandates or even suggests that it should be imposed by a federal court on some Georgia counties. *New Georgia Project* speaks to this as well: "Federal judges can have a lot of power—especially when issuing injunctions. And sometimes we may even have a good idea or

two. But the Constitution sets out our sphere of decision-making, and that sphere does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." 2020 WL 5877588 at *4. Further, Secretary Raffensperger's statement about trying to prevent lines over half an hour, (Doc. 148 at 2, n.1), establishes a policy aim and not a constitutional standard.[1]

5.     Plaintiffs' repeated citation to *Curling v. Raffensperger*, No. 17-cv-2989, 2020 WL 5757809, at *1 (N.D. Ga. Sept. 28, 2020) is unavailing. As discussed at the hearing, the *Curling* decision is under appeal and, as discussed below, is inconsistent with the Supreme Court's "mantra" to "allow[] the States to run their own elections." *New Georgia Project*, 2020 WL 5877588 at *3. Moreover, *Curling* involved a very different and hotly disputed evidentiary record. Whatever import *Curling* has, it does not speak to the central issue in this lawsuit: lines in a handful of polling locations.

6.     Finally, the Eleventh Circuit's decision in *New Georgia Project* serves as a reminder that, even if only a few polling locations remain at issue, the Supreme Court of the United States has "stayed the injunction or

---

[1] Notably, the article cited by Plaintiffs is discussing this in the context of legislation, pending at that time, which would have required changes in precincts or equipment allocation where voters faced long lines. Plaintiff Democratic Party of Georgia opposed that measure. *See* [Doc. 109 at 22-25].

declined to vacate a stay issued by the circuit court" in six of seven election cases since March of this year. 2020 WL 5877588 at *3. The only exception is where the State agreed to the remedy. "And we are not on the eve of the election—we are in the middle of it." *Id.*

For each of these reasons, and for those in the State Defendants' prior briefs (Doc Nos. 106; 109; 115; 144), the State Defendants request that this Court GRANT their Motion to Dismiss or, in the alternative, DENY Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted this 6th day of October, 2020.

Christopher M. Carr
Attorney General
GA Bar No. 112505
Bryan K. Webb
Deputy Attorney General
GA Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
Charlene McGowan
Asst. Attorney General
Ga. Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com

          Vincent R. Russo
          Georgia Bar No. 242628
          vrusso@robbinsfirm.com
          Carey Miller
          Georgia Bar No. 976240
          cmiller@robbinsfirm.com
          Alexander Denton
          Georgia Bar No. 660632
          adenton@robbinsfirm.com
          Brian Lake
          Georgia Bar No. 575966
          blake@robbinsfirm.com
          Melanie Johnson
          Georgia Bar No. 466756
          mjohnson@robbinsfirm.com
          **Robbins Ross Alloy Belinfante Littlefield LLC**
          500 14th Street NW
          Atlanta, GA 30318
          Telephone: (678) 701-9381
          Facsimile:  (404) 856-3250

*Attorneys for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Brief has been prepared using 13-pt Century Schoolbook Font.

 */s/ Josh Belinfante*
Josh Belinfante

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system, which automatically sends counsel of record e-mail notification of such filing.

This 6th day of October 2020.

*/s/ Josh Belinfante*
Josh Belinfante