IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, SARA ALAMI, GIANELLA CONTRERAS CHAVEZ, DSCC, and DEMOCRATIC PARTY OF GEORGIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and Chair of the Georgia State Election Board, *et al.*, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:20-cv-03263-MLB |

## **CLAYTON COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's invitation, Clayton County Defendants file a response to Plaintiffs' supplemental memorandum in support of their motion for preliminary injunction (Doc. 148).[1]

---

[1] Clayton County Defendants also adopt by reference herein the arguments contained in Gwinnett Defendants' Response to Plaintiffs' Supplemental Memorandum (Doc. 151) to the extent they apply to all County Defendants, including but not limited to the arguments as to standing and Plaintiffs' misapplication of *Anderson/Burdick*.

## I. ARGUMENT

Plaintiffs' supplemental memorandum of law offers no analysis or evidence as to Clayton County, but instead provides as an excuse that Clayton County "did not timely provide data on the number of registered voters per polling location" for Plaintiffs to conduct their analysis as to Clayton County. (Doc. 148, fn. 2 and 3.) Plaintiffs even go so far as to say that Clayton County "failed to timely provide" this information. (Id., p. 18.) However, Plaintiffs are making a misrepresentation to the Court. To be clear, Clayton County did not violate any order of the Court or fail in any manner to "timely" provide any information, as the Court never ordered that Clayton County provide this information, much less under any time deadline.

As counsel for the County represented to the Court during the telephonic conference on October 2, 2020, counsel for the County accommodated Plaintiffs' request for the number of registered voters per polling location for the November 2020 election and requested this information from Clayton County *immediately* upon request by Plaintiffs. During the telephonic conference, counsel for the County advised the Court that they would provide this information to counsel for Plaintiffs as soon as it is received. Counsel for Clayton County followed-up on Sunday, October 4, 2020, with information on the number of registered voters per precinct for the June 2020 primary. (Doc. 149-2.) At that time, counsel for Clayton County also advised counsel for Plaintiffs that as soon as the numbers are available for the

November 2020 election, that they would be provided. (Id.) The numbers are not ready yet, and Clayton County is hopeful that they can have this data the week of October 12, 2020 for production to Plaintiffs.

The reason for the delay in getting these numbers is due to the fact that there was a special election in Clayton County on September 29, 2020 to fill the seat of the Honorable John Lewis. Clayton County was prohibited from making any modifications to the system, such as adding the seven new precincts for the November 2020 election, until the conclusion of the special election. Immediately following this special election, the Director of the Clayton County Board of Elections, Shauna Dozier, and her staff began on October 1, 2020 inputting information into the voting system to modify the boundary lines and precincts for the November 2020 election. But for the special election, the work would have begun following the runoff in August 2020 and the information on the number of registered voters could have been compiled much sooner. Clayton County has worked nonstop since October 1, 2020 to make the necessary changes for the November 2020 election. Once the changes are inputted, only then can the County determine the numbers of registered voters in each precinct, which, again, the County is hopeful can be provided to Plaintiffs early next week at the latest. The information will be provided as soon as it is compiled.

As is clear from the minutes of the meetings of the Board of Elections since May 2020 and the Operating memorandum from the Director to the members, both of which are on Clayton County's website, the Clayton County Board of Elections has been working on providing the most efficient voting process possible. The Director and the Board began making plans for new voting locations in those areas where delays in voting occurred even before the June 2020 Primary. As previously shown to Plaintiffs, Clayton County established seven new voting locations for the November 2020 election. All of this occurred without the need for input by Plaintiffs, their counsel or their purported experts and begun well prior to the filing of this action. Even before the additional seven precincts were added, Clayton County was above the minimum number of machines in every precinct.

## II.  CONCLUSION

Plaintiffs' inclusion of Clayton County in this action has done nothing but cost the taxpayers of the County more money unnecessarily. This is particularly true when you consider the lack of any specificity in the allegations in their complaint or their expert's analysis as to Clayton County. Plaintiffs are simply asking the Court to substitute their opinions on the proper method of conducting an election for those of the people charged with that responsibility. Again, they fail to take into consideration the cost of the process and where that money will come from. Based on the record evidence and all of the previous arguments and citations of authority

before the Court presented by the County Defendants and State Defendants, Plaintiffs' Motion for Preliminary Injunction should be denied.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Clayton County Defendants

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 6th day of October, 2020.

        FREEMAN MATHIS & GARY, LLP

        */s/ A. Ali Sabzevari*
        A. Ali Sabzevari
        Georgia Bar No. 941527
        asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
Telephone: 404-366-1000
Fax: 404-361-3223

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record.

This 6th day of October, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)