# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LUCILLE ANDERSON, et al., | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | 1:20-cv-03263-MLB |
| vs. | : | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., | : | |
| Defendants. | : | |

## RESPONSE OF COBB COUNTY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Cobb County Board of Elections and Registration[1] ("Cobb County") files this response to Plaintiff's Supplemental Memorandum in Support of their Motion for Preliminary Injunction, pursuant to the Court's Docket Order of October 6, 2020.

The basis of Plaintiffs' Complaint and Motion for Preliminary Injunction is that long lines on Election Day are likely to unconstitutionally burden voters in Georgia, and specifically voters in the counties named as defendants. However,

---

[1] Defendants Phil Daniell, Fred Aiken, Jessica M. Brooks, Neera Bahl, and Daryl O. Wilson, Jr. are named in their capacity as members of the Cobb County Board of Elections and Registrations.

according to Plaintiffs' own expert analysis, "Cobb County does not have any locations that are predicted to have voting lines of over 30 minutes during peak times due to voting machine allocation." [Doc. 148, p. 17]. Indeed, Plaintiffs' primary expert witness, Dr. Yang, does not even mention Cobb County after the first sentence of his most recent Declaration [Doc. 149-1].

> 'A preliminary injunction is an extraordinary remedy never awarded as of right.' Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). In order to obtain one, a party must establish four separate requirements—namely, that (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Swain v. Junior, 961 F.3d 1276, 1284-85 (11th Cir. 2020)

Given that Plaintiff's own expert analysis reveals that Cobb County is not projected to have any locations with peak waiting times of over 30 minutes, nor has it provided any other evidence, expert or otherwise, to demonstrate that the allocation of equipment and other procedures put in place by Cobb County for the November 3, 2020 General Election will cause long voting lines, it is highly unlikely that Plaintiffs will succeed on the merits of their claims against Cobb County.

Additionally, the complete lack of evidence that Cobb County will have long wait times for voters undermines any argument that Plaintiffs will be irreparably harmed without injunctive relief.

Because Plaintiffs have failed to meet the first two required showings for a preliminary injunction against Cobb County, and all the reasons set forth in the Response brief of the County Defendants [Doc. 108], Cobb County asks the Court deny Plaintiffs' Motion for Preliminary Injunction as it relates to Cobb County, and further renews its Motion to Dismiss Plaintiffs' claims against Cobb County in their entirety.

Respectfully submitted this 6th day of October, 2020.

                          HAYNIE, LITCHFIELD & WHITE, PC

                          /s/Daniel W. White
                          DANIEL W. WHITE
                          Georgia Bar No. 153033
                          *Attorneys for Defendant Cobb County Board of Elections*

222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

# CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 7.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Defendant Cobb County Board of Elections*

HAYNIE, LITCHFIELD, CRANE & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, I electronically filed the foregoing RESPONSE OF COBB COUNTY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Defendant Cobb County Board of Elections*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
(770) 422-8900
dwhite@hlw-law.com