# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, SARA ALAMI, GIANELLA CONTRERAS CHAVEZ, DSCC, and DEMOCRATIC PARTY OF GEORGIA, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and Chair of the Georgia State Election Board, *et al.*, <br><br> *Defendants*. | CIVIL ACTION FILE <br> NO. 1:20-cv-03263-MLB |

## DEKALB COUNTY DEFENDANTS[1] RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

COME NOW, the DeKalb County Defendants,[2] and hereby file this response to Plaintiffs' Supplemental Memorandum in Support of their Motion for Preliminary Injunction, showing this Court as follows:

---

[1] Samuel E. Tillman, Anthony Lewis, Susan Motter, Dele Lowman Smith, and Baoky N. Vu, in their official capacities as the Members of the DeKalb County Board of Registration and Elections.

[2] In accordance with the permission of the Court allowing the defendants an opportunity to respond to Plaintiffs' supplemental filings in support of their Motion for Preliminary Injunction on October 5, 2020.

In a last-ditch attempt to demonstrate standing, Plaintiffs' expert, Dr. Yang, has provided proposed reallocations of voting equipment across five counties[3] based on his evaluations of current county allocations using inconsistent and unreliable standards.[4] Dr. Yang's findings are based on unreliable data and speculation and thus fall short of showing any imminent harm to Plaintiffs sufficient to justify injunctive relief. First, Dr. Yang's new proposals are based on an assumed in-person voter turnout of 40% of registered voters on Election Day, which is in turn based on an unempirical online poll asking voters their preference for voting on Election Day. This poll has no scientific measure of reliability for predicting in-person voter turnout on Election Day.

Second, Plaintiffs assume that a simulation reflecting a wait line of over 30 minutes is sufficient to show imminent harm even though no statute or regulation requires counties to ensure wait lines on Election Day are under 30 minutes.[5]

---

[3] As noted in the Brief in Support of County Defendants' Motion to Dismiss [Doc 105-1] Plaintiffs have failed to join all 159 counties in the State, and their complaint should be dismissed.

[4] The DeKalb County Defendants file this response to note initial issues with Dr. Yang's recent evaluations provided by Plaintiff. The DeKalb County Defendants intend to provide evidence justifying and supporting their equipment allocation for Election Day. The DeKalb County Defendants also anticipate this evidence to further detail practical issues with Dr. Yang's reallocation of equipment as it relates to DeKalb County.

[5] The DeKalb County Defendants incorporate by reference arguments addressing standing, the political question doctrine, failure to challenge O.C.G.A. § 21-2-367(b), and misapplication of the *Anderson-Burdick* standing as set forth in sections

Moreover, Plaintiffs' proposed reallocation of equipment ignores State law guidance on machine and equipment allocation and fails to explain the legal impact of the proposed reallocation on polling locations which would lose voting machines and equipment. *See* O.C.G.A. § 21-2-367(b). In short, Plaintiffs' alleged injury of potential wait times exceeding 30 minutes in 30 precincts based a simulation which is founded on unreliable data falls short of what Plaintiffs need to show standing and to show a substantial likelihood of success on its Motion for Preliminary Injunction. Accordingly, Plaintiffs' Motion should be denied.

Plaintiffs' supplemental memorandum relies on their expert Dr. Yang's evaluation of resource allocation plans for the 2020 Presidential Election on November 3, 2020 ("Election Day") developed by the defendant counties and purports to identify polling places in each county likely to have long lines on Election Day. Dr. Yang then proposes an alternative equipment allocation plan for each identified polling place. However, Dr. Yang's predictions are based on unreliable and inconsistent in-person Election Day voting figures. [Doc 93-62]. In his initial declaration, Dr. Yang failed to use a consistent measure of predicted in-person voting on Election Day, resulting in drastically different proposed plans for Election Day. For example, in his initial plan for Henry County, Dr. Yang calculated

---

I-IV in the Gwinnett Defendants' Response to Plaintiffs' Supplemental Memorandum in Support of their Motion for Preliminary Injunction [Doc. 151].

estimated wait times for Election Day based on 22% in-person voting, *id.* at , but for Athens-Clarke County, based his wait time on 40% of registered electors voting in-person on Election Day. *Id.* at 46.

Now, in his second declaration filed in support of Plaintiffs' supplemental brief, Dr. Yang bases his proposed reallocations on an assumed in-person voter turnout of 40% of registered voters for all defendant counties. However, this assumption of Election Day in-person voter turnout has no scientific basis: the assumption is instead based on a three-month-old online poll asking adults what their preference for voting would be on Election Day, not how they actually anticipated voting on Election Day.[6] Further, the poll seemingly fails to acknowledge the pandemic caused by COVID-19 and its effect on in-person voting come Election Day.

Moreover, Dr. Yang's proposed reallocation for the three DeKalb County precincts, McWilliams/Miller Grove, Clifton/Meadow View, and Boulevard,[7] likely causes equipment shortage issues at other precincts.[8] His proposed reallocation

---

[6] https://ropercenter.cornell.edu/psearch/question_view.cfm?qid=1958132&pid=50&ccid=50#top

[7] Although the average wait times at Clifton/Meadow View and Boulevard are 11 and 10 minutes, respectively, Plaintiffs' Dr. Yang has provided proposed reallocations for these precincts. [Doc. 149-1], Table 4.

[8] Plaintiffs note that they did not receive data from DeKalb County on wait times in June 2020 and as a result, were unable to include an analysis for the June Primary; however, Plaintiffs did not request this information during the Court's hearing last week nor have Plaintiffs requested the right to complete limited discovery, as the

increases BMDs and poll pads as follows: (1) McWilliams/Miller Grove's BMDs from 15 to 26 and its poll pads from 2 to 5, (2) Clifton/Meadowview's BMDs from 15 to 18 and its poll pads from 2 to 4, and (3) Boulevard's BMDs from 14 to 18 and its poll pads from 2 to 4. Plaintiffs fail to explain from which polling locations the additional 18 BMDs and 7 poll pads will be taken from and what affect the decrease of equipment may have on those particular polling locations, including whether the reallocation would require DeKalb County to fall below the required allocation of enclosures per 250 voters as set forth in O.C.G.A. § 21-2-367(b).[9] Further, Dr. Yang's declaration also completely fails to consider any positive impact of the blue privacy and provisional booths on long lines.

Accordingly, as set forth herein, Plaintiffs supplemental memorandum of law and supporting declaration from Dr. Yang is based on unreliable data and speculation and therefore fails to show imminent harm to the Plaintiffs and a substantial likelihood of success on the merits of the complaint, and as a result, Plaintiffs' Motion for Preliminary Injunction must be denied.

Respectfully submitted this 6th day of October 2020.

---

Court stated during said hearing. The DeKalb County Defendants have provided all information ordered by this Court.

[9] Dr. Yang's declaration states that a full excel document has been submitted with its declaration showing the reallocation of equipment. Counsel for the DeKalb County Defendants requested the excel sheet today and received it at 3:00 p.m., leaving little time for review prior to filing this supplemental response.

/s/ *Shelley D. Momo*
Shelley D. Momo
Assistant County Attorney
Georgia Bar No. 239608

Irene B. Vander Els
Assistant County Attorney
Georgia Bar No. 033663

*Attorneys for the DeKalb County Defendants*

**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone:  (404) 371-3011
Facsimile:  (404) 371-3024
sdmomo@dekalbcountyga.gov
ivanderels@dekalbcountyga.gov

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing DEKALB COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Shelley D. Momo*
Shelley D. Momo