# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LUCILLE ANDERSON, et al., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:20-cv-03263-MLB |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and the Chair of the Georgia State Election Board, et al., | ) | |
| Defendants. | ) | |

## RESPONSE OF HENRY COUNTY DEFENDANTS TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW

Pursuant to the Court's invitation, the Henry County Defendants file their response to Plaintiffs' Supplemental Memorandum of Law in support of their Motion for Preliminary Injunction (Doc. 148)[1].

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs' supplemental memorandum of law relying on Dr. Yang's latest speculative report does not advance the ball for the granting of a preliminary

---

[1] The Henry County Defendants are Donna Crumbley, Donna Morris-McBride, Andy Callaway, Arch Brown, and Mildred Schmelz, in their official capacities as Members of the Henry County Board of Elections and Registration.

injunction against the Henry County Defendants and this Court should deny any preliminary injunctive relief as to the Henry County Defendants.

## I. Adoption of Arguments and Citation of Authority Presented by the Gwinnett County Defendants and Applicable to the Henry County Defendants.

The Henry County Defendants also adopt and incorporate by reference herein the arguments and citation of authority contained in the Gwinnett Defendants' Response to Plaintiffs' Supplemental Memorandum in Support of Their Motion for Preliminary Injunction (Doc. 151) to the extent they apply to all County Defendants including the Henry County Defendants, including the arguments as to lack of standing, Plaintiffs' misapplication of the Anderson/Burdick standard, lack of a legitimate basis for intervening in the November election, and the Eleventh Amendment immunity defense applicable to the County Defendants to the extent Plaintiffs are now raising any purported failure in following O.C.G.A. § 21-2-367(b).

## II. Plaintiffs' Rank Speculation as to Wait Times of More Than 30 Minutes During Peak Voting Hours in Seven Out of 37 Henry County Precincts Does Not Justify Any Federal Intervention Substituting Plaintiffs' or Dr. Yang's Judgment for That of Henry County's Elections Supervisor.

In a last minute effort to provide something for the Court to hang its hat on to demonstrate any evidence that the Henry County Defendants are failing to do anything in terms of equipment allocation to address wait times for in-person voting on Election Day at the polling places for the in-progress November election,

Plaintiffs have had Dr. Yang completely overhaul his initial analysis to create an impression of predicted problematic wait times exceeding 30 minutes during peak voting times at seven (7) of Henry County's thirty-seven (37) polling places. In response to the planned equipment allocation submission pertaining to the November election by the Henry County Defendants and other County Defendants, Dr. Yang's new analysis now relies principally on simulation models and the metric of "maximum average wait time" rather than "average wait time" under a queueing model. However, most importantly, Dr. Yang departs from his initial assumption on August 31, 2020 that the in-person voter turnout in Henry County on Election Day will be 19% (See Doc. 93-62, at p. 42[2]) by instead assuming based on a July 2020 research panel poll absent from the record that <u>40%</u> of registered voters in each precinct will vote in-person on Election Day. (Doc. 149-1, at p. 9).

That swift change in Dr. Yang's analysis as to the projected percentage of in-person voters on Election Day within the span of little more than one month is no accident and illustrates the speculation that is the foundation of his analysis. In the face of the Henry County Defendants' and other County Defendants' compelling evidence of equipment allocations and significant preparations for the November election designed to improve the in-person voting experience come Election Day

---

[2] Pinpoint page number citations refer to the CM/ECF header page numbers in blue applicable to the cited to document in the record.

(See Docs. 126-128, 130-134, 137, 139-147), Plaintiffs are well-aware that their evidentiary burden of demonstrating any possible imminent injury to support the granting of preliminary injunctive relief would fail miserably by sticking to Dr. Yang's initial assumptions, modeling and metrics. In other words, without drastically departing from his initial assumption of a 19% in-person voter turnout on Election Day (by relying on a research panel poll from July 2020 that he ignored in tendering his initial analysis), Dr. Yang's analysis would not help Plaintiffs in the least.

For example, Dr. Yang's initial analysis circa August 31, 2020 recommended the following BMD allocation at the seven (7) Henry County polling places that are now "flagged" in his just-filed updated analysis (See Doc. 93-62, at p. 45 [Table 16]):

        Wesley Lakes:   7
        Locust Grove    8
        Sandy Ridge:    6
        Kelleytown:     5
        Cotton Indian:  6
        Ellenwood:     5
        Lowes:         12

The record reflects the planned BMD allocation at those Henry County polling places for November 2020 being <u>greater than the original BMD allocation recommendation of Dr. Yang</u>, as follows (See Doc. 133-1):

        Wesley Lakes:   10
        Locust Grove    12

> Sandy Ridge: 8
> Kelleytown: 8
> Cotton Indian: 10
> Ellenwood: 8
> Lowes: 20[3]

Dr. Yang specifically states in his initial analysis that if Henry County's adjustment to the equipment allocation including BMD allotment he recommends in November 2020 for those polling places is implemented, "the estimated average wait time would be no more than three minutes long at any polling place, and no voter would have to wait for more than 30 minutes." (Doc. 93-62, at p. 44). The record reflects Henry County's planned implementation consistent with (and actually, above and beyond) Dr. Yang's recommended BMD re-allocation, which is fatal to Plaintiffs' attempt to demonstrate any imminent injury.

Plaintiffs' machinations in proffering Dr. Yang's suddenly revamped analysis that more than doubles the projected in-person voter turnout based wholly on speculation to suit Plaintiffs' narrative in response to the County Defendants' equipment allocation submissions is a perfect illustration of the phrase that that there are lies, damn lies, and statistics. Plaintiffs' attempt to move the goal posts through

---

[3] As reflected by the Henry County Defendants' planned equipment allocation submission for November 2020, the BMD allocation in the County's other 30 polling places is also greater than Dr. Yang's August 31, 2020 recommended allocation. (Compare Doc. 93-62, at pp. 45-46 [Table 16] to Doc. 133-1). Moreover, the poll pad allocation that was two for each polling place in June 2020 has also been adjusted so the range of poll pads in each polling place ranges from two to five. (Id).

Dr. Yang's eleventh-hour adjustment to his analysis that departs from his initial assumptions that do not advance Plaintiffs' argument should be seen for what it is—a leaky lifeboat.  Based on the record evidence and all of the previous arguments and citations of authority before the Court presented by the County Defendants and State Defendants, Plaintiffs' Motion for Preliminary Injunction should be denied.

Respectfully submitted this 6th day of October, 2020.

**JARRARD & DAVIS, LLP**

*/s/ Kenneth P. Robin*
Kenneth P. Robin
Georgia Bar No. 609798
krobin@jarrard-davis.com
Patrick D. Jaugstetter
Georgia Bar No. 389680
patrickj@jarrard-davis.com

222 Webb Street
Cumming, Georgia 30040
678-455-7150 (telephone)
678-455-7149 (facsimile)

*Counsel for Henry County Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LUCILLE ANDERSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BRAD RAFFENSPERGER, in his official )<br>capacity as the Georgia Secretary of State )<br>and the Chair of the Georgia State Election )<br>Board, et al., )<br>)<br>Defendants. ) | Civil Action File<br>No. 1:20-cv-03263-MLB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing **Response of Henry County Defendants to Plaintiffs' Supplemental Memorandum of Law** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to the attorneys of record for Plaintiffs and any of the Defendants registered to use the Court's CM/ECF system.

I further certify that the above and foregoing document meets the requirements set forth in L.R. 5.1C (N.D.Ga.) and has been prepared using Times New Roman 14-point font.

This 6th day of October, 2020.

**JARRARD & DAVIS, LLP**

*/s/ Kenneth P. Robin*
Kenneth P. Robin
Georgia Bar No. 609798
krobin@jarrard-davis.com

222 Webb Street
Cumming, Georgia 30040
678-455-7150 (telephone)
678-455-7149 (facsimile)

*Attorneys for Henry County Defendants*