# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, SARA ALAMI, ) <br> GIANELLA CONTRERAS CHAVEZ, ) <br> DSCC, and DEMOCRATIC PARTY ) <br> OF GEORGIA, INC., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> BRAD RAFFENSPERGER, in his official ) <br> capacity as the Georgia Secretary of State ) <br> and the Chair of the Georgia State ) <br> Election Board; et al., ) <br> ) <br> **Defendants.** ) <br> _____ ) | CIVIL ACTION FILE NO. <br> 1:20-CV-03263 |

## FULTON COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

As stated by many of our county co-defendants, Plaintiffs still cannot demonstrate they have an injury that is traceable to or redressable by the Fulton Defendants. In fact, Plaintiffs largely agree that the Fulton County Defendants have properly allocated equipment to the various precincts in the county and only expect waits minutes longer than their proposed threshold at two (2) out of the

two hundred and fifty-five (255) precincts in the County. Accordingly, there is no basis for this Court to order any relief as to the Fulton County Defendants.

## ARGUMENT AND CITATION OF AUTHORITY

### A. *Plaintiffs still cannot show any injury.*

In an attempt to show an injury, Plaintiffs largely restate their prior arguments about wait times and continue to assume that a 31-minute wait is unconstitutional while a 29-minute wait is constitutional. [Doc. 148, pp. 3-6]. Despite abandoning their attempt to gain relief on the number of polling locations, Plaintiffs still argue that the lack of new polling places has contributed to lines. *Id.* at 5. However, this argument is unavailing with respect to Fulton County. As specified in the Supplemental Declaration of Richard Barron, Fulton County has added ninety-one (91) polling places since the June 2020 primary election. [Doc. 147-1, ¶ 5] Further, in maintaining this argument, Plaintiffs ignore the ongoing growth in early voting in Georgia elections and the corresponding reduction in Election-Day voting[1]—a point that is especially relevant for Fulton County, as it

---

[1] The Election Administration and Voting Survey Comprehensive Report, published after each election by the U.S. Election Assistance Commission demonstrates this trend in Georgia. In 2014, 32.7% of Georgia voters voted early and 62.9% voted on Election Day. 2014 EAVS Report,

appears that Fulton County will provide 30 early voting -1sites, which appears to be more early voting sites than any other county in the state for the November 3, 2020 election. [Doc. 147, ¶ 7].

Plaintiffs now agree that Fulton and Cobb counties are properly allocating machines to avoid wait times. [Doc. 148, pp. 19-20]. "For example, Fulton County appears to be supplying one voting machine for every 250 voters assigned to a polling location in the General Election and, as discussed below, their machine allocation currently does not present a risk of long lines based on machine allocation." As a result, the individual Plaintiffs, Ms. Anderson, Ms. Alami, and Ms. Chavez cannot have an injury because they are residents of those counties. [Doc. 1, ¶¶ 12-14].

### B. Plaintiffs do not have standing because there is no actual injury.

As this Court covered at length at the hearing, the fact that Fulton County and the other county defendants responded to the lessons of the June 9, 2020

---

https://www.eac.gov/sites/default/files/eac_assets/1/1/2014_EAC_EAVS_Comprehensive_Report_508_Compliant.pdf at p. 201(Table 28). By the 2018 election, 47.91% of Georgia voters voted early instead of on Election Day. 2018 EAVS Report,https://www.eac.gov/sites/default/files/eac_assets/1/6/2018_EAVS_Report.pdf at p. 38 (Overview Table 2).

primary by making significant changes demonstrates that any injury to Plaintiffs is purely speculative and is ultimately only a hypothetical future injury, not an injury that is actual or imminent. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). This speculation is not sufficient to establish Article III standing.

   C. *The Court should not make equipment allocation determinations*.

  Moreover, this Court should rebuff Plaintiffs' attempts to wrestle equipment allocations out of the hands of election officials that are required to uphold state law that specifically addresses equipment allocation. The Fulton County Defendants have shown that they are in compliance with O.C.G.A. § O.C.G.A. § 21-2- 367(b), they apparently are not challenging its constitutionality. [Doc. 148, p. 9]. Indeed, Plaintiffs now appear to agree with the policy rationale, and now only allege that "most counties" are not providing one ballot-marking device (BMD) for every 250 voters. [Doc. 148 pp. 9-10]. Since Fulton County is in compliance with the above referenced statute, Plaintiffs claims as regards the Fulton County Defendants appear to be meritless.

  Lastly, the Fulton County Defendants join in the arguments raised by its fellow county co-defendants in their oppositions to Plaintiffs' Supplemental Memorandum in support of their Motion for Preliminary Injunction.

## CONCLUSION

Early voting for the November 3, 2020 election begins on Monday, October 12, 2020. Logic and accuracy testing and machine programming for the November 3, 2020 election is now underway. The Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm.v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020This Court should deny Plaintiffs' motion for preliminary injunction, at least as to Fulton County Defendants.

Respectfully submitted this 6th day of October, 2020.

OFFICE OF THE FULTON
COUNTY ATTORNEY

  /s/Cheryl Ringer
Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358
Kaye W. Burwell
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov
Cheryl M. Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David R. Lowman
Georgia Bar Number: 460298

Detriss Thomas
Georgia Bar Number: 460935
detriss.thomas@fultoncountyga.gov
*Counsel for the Fulton County Defendants*

141 Pryor Street, S.W.,
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing FULTON COUNTYFULTON COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION has been prepared in Times New Roman 14-point, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Cheryl Ringer*
Cheryl Ringer