IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCILLE ANDERSON, SARA ALAMI, GIANELLA CONTRERAS CHAVEZ, DSCC, and DEMOCRATIC PARTY OF GEORGIA, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and Chair of the Georgia State Election Board, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 1:20-CV-03263-MLB |

## NOTICE OF FILING SUPPLEMENTAL DECLARATION OF MILTON KIDD

In its October 6, 2020 docket entry, the Court directed several County Defendants to file "evidence explaining and justifying their equipment allocation plans for the Voting Locations" by October 7, 2020. (Order, 10/06/2020 docket entry.) In response, the Douglas County Defendants ("Douglas County") file the attached Supplemental Declaration of Milton Kidd to assist the Court in its consideration of the analysis set forth in *Burdick v. Takushi*, 504 U.S. 428, 441 (1992). Under *Burdick*, courts must weigh the "character and magnitude of the burden the State's rule imposes" on the right

to vote "against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (internal quotation marks omitted).

The record before the Court reflects that Douglas County is, in no way, burdening Plaintiffs' right to vote. Instead, Plaintiffs admit Douglas County's allocations meet the state rules and regulations and they offer nothing to show that lines will or ever have burdened the right of eligible Douglas County voters to cast a ballot. In reality, Douglas County voters can cast their vote in a number of ways–a fact acknowledged by the Eleventh Circuit just last week:

> Georgia has provided numerous avenues to mitigate chances that voters will be unable to cast their ballots. Voters may request absentee ballots as early as 180 days before the election and may receive the ballots as early as 49 days before the election. *See* O.C.G.A. § 21-2-381(a)(1)(A); O.C.G.A. § 21-2-384(a)(2). They can return their ballots through the mail, hand-delivery, or a drop box; dozens of drop boxes are available through Election Day in numerous locations, and all jurisdictions have the authority to add them. *See* O.C.G.A. § 21-2-385; Ga. Comp. R. & Regs. 183-1-14-0.8-.14. Voters [*8] also have the option to participate in early in-person voting. O.C.G.A. § 21-2-385. Even those who have already requested and received an absentee ballot can vote in person on Election Day if they properly cancel their absentee ballot. O.C.G.A. § 21-2-388. And though delays in the postal service may (not will) delay when some voters receive their absentee ballots, all of these avenues remain open to any and all voters.

> The district court did not acknowledge these provisions or weigh how they mitigate the Election Day deadline's impact on the right to vote. Voters must simply take reasonable steps and exert some effort to ensure that their ballots are submitted on time, whether through absentee or in-person voting

*New Ga. Project v. Raffensperger*, 2020 U.S. App. LEXIS 31405, *7-8 (11th Cir. Ga. October 2, 2020).

Also, Douglas County is allocating its resources after weighing the clear public health issues, risks, and concerns of COVID-19 in its allocation decisions for the November 2020 election. As explained in Mr. Kidd's attached declaration, in an attempt to carefully balance the need to efficiently run the November 2020 election so that everyone who shows up on Election Day can vote and vote safely, Douglas County increased equipment at some locations and allocated resources to what it determined struck the appropriate balance between public safety, public health, and ensuring that every voter who is eligible will be able to cast a vote on Election Day.

Finally, Plaintiffs ignore the fact that there is absolutely no evidence before the Court supporting their claims of past "long lines." And Dr. Yang's analysis proves nothing aside from highlighting the absence of evidence favoring Plaintiffs. But Dr. Yang's analysis does show that Plaintiffs know absolutely nothing about running an actual election and they are so buried in

spreadsheets that they failed to account for human and environmental factors that do not exist on a computer screen. As such, the Court should find that substantial state interests like efficiency, ensuring the right to vote, compliance with state law, and public safety concerns due to COVID-19 outweigh any *de minimis* "burden" on Douglas County voters by current allocations.

Respectfully submitted this 7th day of October, 2020.

>*/s/ David A. Cole*
>David A. Cole
>Georgia Bar No. 142383
>*/s/ Timothy M. Boughey*
>Timothy M. Boughey
>Georgia Bar No. 832112
>**FREEMAN MATHIS & GARY, LLP**
>100 Galleria Parkway
>Suite 1600
>Atlanta, Georgia 30339
>(T) 770.818.0000
>(F) 770.937.9960
>(E) dcole@fmglaw.com
>tboughey@fmglaw.com
>
>*Counsel for the Douglas County Defendants*

## **CERTIFICATE OF COMPLIANCE**

Under L.R. 7.1(D), the undersigned hereby certifies that this NOTICE OF FILING SECOND SUPPLEMENTAL DECLARATION OF MILTON KIDD has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

>  */s/ Timothy M. Boughey*
> David A. Cole
> Georgia Bar No. 142383
> Timothy M. Boughey
> Georgia Bar No. 832112
> **FREEMAN MATHIS & GARY, LLP**
> 100 Galleria Parkway
> Suite 1600
> Atlanta, Georgia 30339
> (T) 770.818.0000
> (F) 770.937.9960
> (E) dcole@fmglaw.com
> tboughey@fmglaw.com
>
> *Counsel for the Douglas County Defendants*